# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0091, <u>Petition of Arnold Grodman</u>, the court on February 21, 2019, issued the following order:**

Having considered the opening and reply briefs filed by the petitioner, Arnold Grodman, the brief filed by Community Crossroads, Inc. (Crossroads), the brief filed by Gateway Community Services (Gateway), and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). In this petition for a writ of certiorari, the petitioner challenges a decision of the Administrative Appeals Unit (AAU) of the New Hampshire Department of Health and Human Services. We affirm.

This case arose when the petitioner and his co-guardian sought to transfer the adult ward's services from Crossroads, the area agency serving Area X, to Gateway, the area agency serving Area VI. See RSA 171-A:6, I (2014). Gateway declined the transfer request pursuant to New Hampshire Administrative Rule, He-M 503.14, which allows the transfer from one geographic area to another when the individual eligible for services plans to relocate to the new geographical area. See Petition of Sawyer, 170 N.H. 197, 199 (2017) (observing that, under Rule 503.14, "[i]ndividuals can change their area agency affiliation to an area agency in a different region <u>if they plan to relocate where they live to that region</u>" (quotation and brackets omitted; emphasis added)). The petitioner and his co-guardian appealed the denial to the AAU. The AAU dismissed their appeal, ruling that there was "no issue for [it] to decide" nor relief to be granted because there was no dispute that the ward does not now live within, and does not plan to relocate to, the geographic area that Gateway serves. See N.H. Admin. R., He-C 203.03(g)(2); N.H. Admin. R., He-M 503.14. The petitioner and his co-guardian unsuccessfully moved for reconsideration, and this petition for a writ of certiorari followed.

"The only judicial review of a fair hearings decision issued by the department is by petition for a writ of certiorari." Sawyer, 170 N.H. at 202 (quotation omitted). "Review on certiorari is an extraordinary remedy, usually available only in the absence of a right to appeal, and only at the discretion of the court." Id. (quotation omitted). Our review of an AAU decision on a petition for writ of certiorari entails examining whether the AAU "acted illegally with respect to jurisdiction, authority or observance of the law or has unsustainably exercised its discretion or acted arbitrarily, unreasonably or capriciously." Id. (quotation omitted). "We exercise our power to grant such writs sparingly and only where to do otherwise would result in substantial injustice." Id. (quotation omitted).

As the party bringing this petition for a writ of certiorari, the petitioner has the burden of demonstrating that the AAU "acted illegally with respect to jurisdiction, authority or observance of the law or has unsustainably exercised its discretion or acted arbitrarily, unreasonably or capriciously." Id. (quotation omitted); see Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the AAU's well-reasoned orders, the petitioner's challenges to them, the relevant law, and the record submitted on appeal, we conclude that the petitioner has not met that burden. See Gallo, 166 N.H. at 740.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**